Johnson, J.
The relator has a sufficient interest in the question to which this mandamus refers, to entitle him to promote the suit. The object which the writ is brought to secure is one of a merely public character. It is to bring the laws of the State to the actual knowledge of the citizens who *253 are bound to obey them. This is sought to be secured by their publication in each county in the State, in two newspapers of opposite politics, and which fairly represent the two principal political parties into which the people of the county are divided. Every citizen of a county has an interest in such an object, and no private or peculiar interest is necessary to enable a citizen to be a relator in a mandamus for such a purpose. (People ex rel. Case v. Collins, 19 Wend., 56 ; People v. Halsey, 37 N. Y., 344.)
The record which comes before us on this appeal shows that at Special Term on the 30th of December, 1873, on reading and filing the alternative mandamus, and the return of the defendants thereto, and after hearing Hr. Parker for plaintiffs, and Hr. Anderson for the defendants, an order or judgment was rendered, declaring that the defendants had failed to comply with the statute, and adjudging that a peremptory mandamus issue commanding the defendants to proceed to designate two newspapers published in the county of Sullivan, of opposite politics, and which fairly represent the two principal political parties into which the people of said county are divided, pursuant to section 3 of chapter 215 of the Session Laws of 1870.
It is argued that there was some irregularity in the court proceeding to make such an order at the time and in the state of the proceedings when it was made. In support of this position we are pointed to a notice from the defendant’s attorney, informing the plaintiffs’ attorney of the filing of the return, and requiring it to be demurred or pleaded to in twenty days, This notice seems to have been served on the thirty-first of December, and after the return had been filed and the questions presented on the return argued and decided on the merits. If there was any irregularity which was not necessarily waived by proceeding to the argument on the merits, the remedy of the party aggrieved was by motion at the Special Term, and not by appeal from the order or judgment to the General Term. We are, however, of opinion, that by proceeding to the argument on the merits, the irreg *254 ularity, if any, was necessarily waived, because the whole purpose of Eule 55 of the Supreme Court is to enable defendants in mandamus to compel a hearing on the return, unless the plaintiffs choose to demur, or traverse the return. If the plaintiffs waive the right to do either, and both parties proceed to argument on the return, there is surely no irregularity, nor any want of authority on the part of the court to consider and dispose of the merits of the controversy. In so doing, it did at once, what it must have done at a later period, and so far as the case shows, it acted with the assent of both parties that it should at once proceed to determine the controversy on its merits.
Proceeding then to the review of the merits, we are to' determine the case upon the alternative mandamus and upon the return. The affidavits on which the alternative writ was granted are to be laid out of view. (Commercial Bank v. Canal Commissioners, 10 Wend., 25.)
The alternative writ alleged that, on the 11th of November, 1873, the board neglected and refused to select and designate two newspapers published in the county of Sullivan, of opposite politics, and which fairly represented the two political parties into which the people of the said county are divided, in which to publish the Session Laws according to the requirements of the statute before referred to. It thereupon commanded the board, at the meeting on the sixteenth of December, or as soon thereafter as conveniently might be, to proceed to make such designation or show cause.
The statute in question is peculiar, and is very plain and very stringent in its requirements. It is made the duty of the board of supervisors, at its annual meeting, to appoint the printers for publishing the laws in their respective counties. The appointment, it declares, shall he made in the following manner: Each member shall designate, by ballot, one newspaper printed in the county, and. the paper having the highest, and the paper having the next highest number of votes, shall be the papers designated for printing the laws, provided such papers are of opposite polities and fairly repre *255 sent the two principal political parties into which the people of the county are divided. If said papers so balloted for and chosen are not of opposite politics and do not fairly represent the two principal political parties into which the people of the county are divided, such balloting and choice shall be of no effect, and the balloting shall continue until two papers (if such there be in the county) are chosen that meet the requirements of this section. The intention of the legislature is obviously to secure as well papers of opposite politics as such as fairly represent the two principal political parties into which the people of the county are divided. Both the specified requirements were deemed by the legislature necessary to the complete expression of its will, and to securing a compliance with its commands. We may suppose that the one requirement was added to the other in order to render an honest compliance certain to secure the object in view and to render an evasive performance difficult. The legislature, by specifying the two requirements, has manifested its opinion that they were not the exact equivalents of each other, but that the two together imported more than either expression by itself. We might, on this ground alone, hold that a return not employing both expressions, was defective in substance. To hold otherwise, would involve a determination that the omitted expression was useless, and did not add to the meaning of the other. It is, however, we think, quite clear, that the first expression in the statute that the papers should be of opposite politics, is not implied of necessity in the other requirement, that the papers designated fairly represent the two principal political parties into which the people of the county are divided.
Turning now to the actual return, we find that it sets forth that, upon a ballot by every member of the board of supervisors, the Republican Watchman received six votes, the Liberty Register five votes, and the Sullivan County Republican four votes ; whereupon the Republican Watchman and Liberty Register were declared to be duly designated to publish the Session Laws for the ensuing year. *256 This is the response to the specific command of the statute and the writ, requiring to be designated two newspapers of opposite politics, and which fairly represent the two principal political parties into which the people of the county were divided. There is entire silence thus far as to the essential matters affecting the designation: saying that they were duly designated, being an averment of law and not of fact, is of no effect. What is required in pleading is the statement of the facts requisite, and not of the mere legal opinion of the pleader. The other statement of the return in respect to these papers is that “ the defendants are informed and believe that the newspapers so designated fairly represent the two principal political parties in said county; ” “ and that the laws would be more likely to gain publicity if published in those papers, than if published in any other two newspapers published in said county.” It will be observed that the statute requires that the selected papers are to represent the two principal parties into which the people of the county are divided. The language of the return does not necessarily mean the same thing. It would be satisfied by papers representing in the county the two principal political parties of the State. While it may and ought to be conceded that merely formal and technical defects in the manner of pleading should be disregarded, when a mandamus is brought to hearing on the return, without a demurrer or plea, yet defects of substance which go to the actual merits of the controversy are not to be disregarded. Here through the omission to aver a compliance with one statutory requirement and the equivocal statement as to the other, the return is of no more force thaipif it rested on the averment of a due designation alone. It is obviously bad in substance and can not be deemed to show a .designation such as the statute calls for. The defendants were, therefore, on their own showing still bound to go on in the work of balloting until a result should be attained fully in conformity with the statute, and in respect to which they could aver as well that the papers were of opposite politics, as that they fairly represented the two *257 principal political parties into which the people of the county were divided, if such-papers there were in the county.
The order or judgment appealed from must be affirmed.. ' All concur; Grover, J., not sitting.
Order affirmed.